IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TROY LYNDON,<br><br>                        Plaintiff,<br><br>        vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                        Defendants. | CIV. NO. 20-00034 JMS-RT<br><br>ORDER (1) GRANTING THIRD AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART, AND (3) HOLDING IN ABEYANCE MOTION FOR IMMEDIATE RELIEF AND OTHER PENDING MOTIONS |

**ORDER (1) GRANTING THIRD AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART, AND (3) HOLDING IN ABEYANCE MOTION FOR IMMEDIATE RELIEF AND OTHER PENDING MOTIONS**

## I. INTRODUCTION

On January 23, 2020, pro se Plaintiff Troy Lyndon ("Plaintiff" or "Lyndon") filed a Complaint and a Motion for Immediate Relief against Defendants United States of America; Securities & Exchange Commission ("SEC"); and SEC employees Lucee Kirka, Carol Shau, and Karen Matteson[1] (collectively, "Defendants"), asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, and 42 U.S.C. § 1983, based on Defendants'

---

[1] Although Plaintiff did not indicate in what capacity the individual Defendants are named, the court liberally construes the Complaint as naming them in both their official and individual capacities.

conduct in connection with the litigation of a prior action—*SEC v. Lyndon*, Civ.

No. 13-00486 SOM-KSC (D. Haw. 2014) ("*Lyndon*").  ECF Nos. 1-2.

On April 15, 2020, Plaintiff filed a Third Amended *In Forma*

*Pauperis* ("IFP) Application, ECF No. 14.[2]  For the reasons set forth below, the

court GRANTS the Third Amended IFP Application, DISMISSES the Complaint

with leave to amend in part for failure to state a claim, and HOLDS IN

ABEYANCE the Motion for Immediate Relief and other pending motions.

## II.  <u>IFP APPLICATION</u>

Federal courts can authorize the commencement of any suit without

prepayment of fees or security, by a person who submits an affidavit that includes

a statement of all assets the person possesses, demonstrating he is unable to pay

such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in

support of an IFP application is sufficient where it alleges that the affiant cannot

pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*,

787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours &*

*Co., Inc.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d

938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to

---

[2] On January 28, March 6, and March 17, 2020, Plaintiff filed Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF Nos. 5, 9, 11, which were denied without prejudice to refiling a more complete IFP Application, ECF Nos. 7, 10, 12.

affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). While § 1915(a) does not require a litigant to demonstrate "absolute destitution," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

As set forth in the Third Amended IFP Application, Plaintiff is self-employed and earned a gross income of $43,310 in 2019. ECF No. 14 at PageID #60. Plaintiff indicates that although he earned a "gross income of $43,310,"and his "net income for 2019 was $1,628." *Id.* Plaintiff further indicates that "as a result of Covid-19," his "Uber & Lyft driving has been discontinued," and his earnings of "$15/hour from GrubHub, before gas and maintenance, [have] not been consistent enough or predictably sustainable." *Id.* The Third Amended IFP Application lists Plaintiff's significant assets as including $544.19 in a bank account and a car owned by the bank worth $17,900. *Id.* at PageID #61. It further indicates that Plaintiff pays monthly expenses in excess of $2,000—$976 for rent, $27 for subscriptions, $400 for food, $85 for electricity, $146 for insurance, $355

for car payments, and "$100+" for other miscellaneous expenses. *Id.* Plaintiff does not have any dependents and has outstanding debt in the form of a $3.8 million judgment. *Id.*

Plaintiff also submitted a letter in which he provided further detail regarding his financial circumstances. ECF No. 14-1. Plaintiff states that his "work for Uber and Lyft has come to a near standstill due to Covid-19," and that although he now "deliver[s] food for GrubHub . . . , [he has] not been able to book more than 2-4 hours of work per day on average." *Id.* He further states that paying the $400 filing fee "will prevent [him] from being able to pay [his] rent." *Id.*

Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's Third Amended IFP Application. ECF No. 14.

### III.  **STANDARDS OF REVIEW**

The court must screen the Complaint for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings. The court must sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an

in forma pauperis complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). That is, Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## IV. <u>BACKGROUND</u>

In *Lyndon*, the SEC filed suit against Lyndon (and another individual) alleging violation of civil securities and exchange laws and regulations—15 U.S.C. §§ 77e(a), 77(e)(c), 77q(a), 78j(b), 78m(a), 78m(b)(5), 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1, 240.13b2-2; and SEC Rules 12b-20, 13a-1, 13a-12, 13a-14. *See Lyndon*, Civ. No. 13-00486 SOM-KSC, ECF No. 1 at PageID #3-4. A consent judgment was entered permanently enjoining Lyndon from violating certain securities laws, and requiring him to disgorge ill-gotten gains in an amount to be determined later by the court. *See id.*, ECF Nos. 20 (consent), 22 (consent judgment).[3] Thereafter, the SEC moved for summary

---

[3] The court takes judicial notice of court rulings in *Lyndon*. *See* Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (stating that the court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

judgment on disgorgement, and Lyndon moved to: (1) stay the consent judgment and for sanctions; (2) compel discovery from the SEC and appeal the magistrate judge's denial of those discovery motions; and (3) set aside the consent judgment. *See id.*, ECF Nos. 28, 36, 41, 43, 48, 68, 76, 81, 101, 112, 118.  The district court granted the motion for summary judgment; determined the amount of disgorgement, interest, and penalties to be in excess of $3.6 million; denied Lyndon's appeals of the magistrate judge's denial of Lyndon's discovery motions; and denied Lyndon's motion to set aside the consent judgment.  *Id.*, ECF No. 143. Lyndon filed a motion for clarification/reconsideration, the district court construed that motion as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment, and denied the motion.  *Id.*, ECF Nos. 144, 145.  Final judgment was entered, Lyndon appealed, and the Ninth Circuit affirmed the district court's rulings and final judgment.  *See id.*, ECF Nos. 148, 152, 205.  And on October 1, 2018, the United States Supreme Court denied Lyndon's petition for writ of certiorari.  *Id.*, ECF No. 209.

By the instant action, Plaintiff seeks to "reopen" *Lyndon* and/or obtain compensation for injury caused by Defendants' alleged wrongdoing during the *Lyndon* litigation.  *See* ECF No. 1 at PageID #1 ("Ideally, . . . this document could cause the court to reopen the original lawsuit and compel the court to correct its grave mistakes."); ECF No. 2 at PageID #18 (stating that "this case is about

undoing the irreparable harm perpetrated against me" by the SEC during the course of that prior litigation).[4]  More specifically, Plaintiff alleges that Defendants "misled to give the government advantage" in the *Lyndon* litigation; "interfer[ed] in [Lyndon's] business activities and financing"; "den[ied Lyndon] access to relevant and exculpatory evidence"; "knowingly present[ed] false evidence to the courts"; "made untrue and defamatory statements"; and "conspired . . . to . . . publish[] and/or caused to be published defamatory information about [Lyndon], defraud [Lyndon] . . . , and maliciously prosecute[] [Lyndon]."  ECF No. 1 at PageID #6.

Based on such conduct, Plaintiff's Complaint asserts claims (1) for breach of contract; (2) under the FTCA for malicious prosecution, abuse of process, misrepresentation, tortious breach of consent judgment, fraud, defamation, and conspiracy to commit such violations; and (3) pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's "right[] to due process under the 5th and 14th Amendments to the United States Constitution."  ECF No. 1 at PageID #6.  Plaintiff seeks

---

[4] On May 19, 2020, this court explained that it could not "discern Plaintiff's true intent— whether he is in fact seeking: (1) to 'reopen' the *Lyndon* action; (2) to pursue a separate action seeking damages based on conduct that occurred during the *Lyndon* action without reopening the *Lyndon* action; or (3) both, that is, reopen the *Lyndon* action and seek damages in a new action," and thus directed Plaintiff to file a declaration "affirmatively stating whether he intends the instant action to be a Rule 60(b) proceeding for relief from the *Lyndon* judgment, a separate action seeking damages, or both."  ECF No. 19.  On May 20, 2020, Plaintiff filed his Response clarifying that "it is inappropriate to construe this entire suit as a Rule 60(b) motion" and that he "do[es] not wish to 'reopen' the [*Lyndon*] case."  ECF No. 20.  Thus, the court does not construe this action as a Rule 60(b) proceeding for relief from the *Lyndon* judgment.

injunctive relief and damages in excess of $2.4 billion to compensate for his lost

"earning potential," "assets[,] and earnings."  *Id.* at PageID #7.

## V.  <u>DISCUSSION</u>

For the reasons discussed below, the court finds that Plaintiff's

Complaint asserts claims against Defendants who are immune and/or fails to state

a plausible claim.  The court addresses these issues in turn.

### A.    **Sovereign Immunity**

Unless waived, claims against the United States, federal agencies, and

federal officials in their official capacities are barred by sovereign immunity.  *See*

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity

shields the Federal Government and its agencies from suit."); *see also Hodge v.*

*Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity

applies to federal agencies and to federal employees acting within their official

capacities.").  A waiver of sovereign immunity must be "unequivocally

expressed"; and any limitations and conditions upon the waiver "must be strictly

observed and exceptions thereto are not to be implied."  *Lehman v. Nakshian*, 453

U.S. 156, 160-61 (1981) (citations omitted).  And Plaintiff, being "[t]he party who

sues the United States[,] bears the burden of pointing to . . . an unequivocal waiver

of immunity."  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Plaintiff contends that the FTCA and 42 U.S.C. §1983 waive sovereign immunity for his claims.  The court disagrees.

### 1.    FTCA

Congress has waived the United States' sovereign immunity for some torts committed by a federal official acting within the scope of his office or employment, provided a plaintiff first exhaust his administrative remedies under the FTCA.[5]  *See* 28 U.S.C. § 1346(b)(1) (authorizing tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"), § 2674 (similar), § 2675 (requiring exhaustion); *D.L. v. Vassilev*, 858 F.3d 1242, 1244-45 (9th Cir. 2017).  "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.  Although such claims can arise from the acts or omissions of United States agencies . . . , an agency itself cannot be sued under the FTCA." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 761 (9th Cir. 2013) (quoting *Craft*); 28 U.S.C. § 2679(a) (providing that the FTCA does not "authorize suits against [a] federal agency").  Thus, where a federal official was acting within the scope of his office

---

[5] Plaintiff has alleged exhaustion of his administrative remedies and attached to his Complaint the SEC's "final decision" denying his claims.  *See* ECF Nos. 1 at PageID #2 (alleging exhaustion) & 1-1 at PageID #8 (SEC "final decision" dated August 14, 2019).

or employment, the United States is substituted as the party defendant.  *See* 28 U.S.C. § 2679.  Moreover, the FTCA waives sovereign immunity only for damages claims against the United States; the statute does not subject the United States to claims for injunctive relief.  *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992).

But Congress also carved out exceptions to waiver under the FTCA for certain torts.  That is, the FTCA expressly retains the United States' sovereign immunity for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  The phrase "arising out of" is interpreted broadly to include all injuries that are dependent upon one of the enumerated torts having been committed.  *United States v. Shearer*, 473 U.S. 52, 55 (1985) ("Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim arising out of assault or battery.") (emphasis in original); *see DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 439 (2019) ("[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized."); *Pauly v. USDA*, 348 F.3d 1143, 1151-52 (9th Cir. 2003) (noting that the FTCA did not waive sovereign immunity for misrepresentation and fraud claims); *Kim v. United*

11

*States*, 940 F.3d 484, 492 (9th Cir. 2019) (finding fraudulent concealment claim

barred under the FTCA as "arising out of . . . misrepresentation or deceit");

*Stanford v. Clayton*, 2018 WL 8963448, at *2 (D.D.C. July 5, 2018) ("[C]laims for

malicious prosecution and abuse of process arising from the acts of SEC

officials . . . are barred under the FTCA."); *Daisley v. Riggs Bank, NA*, 372 F.

Supp. 2d 61, 77-78 (D.D.C. 2005) (dismissing civil conspiracy claim based on

tortious interference with contract rights as barred by the FTCA's intentional tort

exception to waiver of sovereign immunity).

Congress limited applicability of this carve-out, however, providing

that the intentional-tort exception does not apply (i.e., the United States' sovereign

immunity is waived) to claims arising out of "assault, battery, false imprisonment,

false arrest, abuse of process, or malicious prosecution" committed by

"investigative or law enforcement officers."  28 U.S.C. § 2680(h).  "For the

purpose of this subsection, 'investigative or law enforcement officer' means any

officer of the United States who is empowered by law to execute searches, to seize

evidence, or to make arrests for violations of Federal law."  *Id.*

Here, all of Plaintiff's FTCA claims are either expressly barred or

arise "out of" SEC officials' alleged fraud, misrepresentation, and/or deceit in

connection with the SEC's investigation and prosecution of Lyndon.  *See, e.g.*,

ECF No. 1 at PageID #2 ("this case is . . . [based on] the SEC's willful

misleading . . . when it fabricated false evidence for a financial claim it knew was contrary to exculpatory evidence they have kept hidden in their possession, and continue to hide as part of their ongoing cover-up"); *id.* at PageID #4 ("The SEC's Kirka, Matteson, and Shau knowingly hid the facts contained within . . . auditor testimony documents before filing [the SEC's] case against [Lyndon], and . . . before fabricating [the SEC's] financial claim"); *id.* ("the SEC's financial claim for ill-gotten gains was a fraudulent request . . . contrary to facts in [the] SEC's possession"); *id.* at PageID #5 ("The SEC knew their entire scheme was untrue and their litigation was a sham.").

That is, Plaintiff's claims are based on the conduct of SEC officials acting in the course of their SEC employment and therefore, the United States is the proper Defendant for Plaintiff's FTCA claims.  But all of these claims fall squarely within the statutory exception to the FTCA's waiver of sovereign immunity.  *See* 28 U.S.C. §§ 2679, 2680(h); *DaVinci Aircraft, Inc.*, 926 F.3d at 1123 ("To determine whether section 2680 bars a proposed claim, we look beyond the labels and evaluate the alleged conduct on which the claim is based.") (citations, quotation marks, and brackets omitted); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).").

13

And the Complaint does not suggest that Defendant SEC officials are investigative or law enforcement officers, as defined by § 2680(h).  *See Kerns v. United States*, 2009 WL 226207, at *1 (9th Cir. Jan. 28, 2009) (Mem.) (determining district court lacked subject-matter jurisdiction over claims for false arrest/false imprisonment where the record lacked evidence establishing that defendant intelligence analysts were investigative or law enforcement officers, as defined by § 2680(h)).  First, Plaintiff does not allege any facts showing that Defendant SEC officials were "empowered by law to execute searches, to seize evidence or to make arrests for violations of Federal law."  28 U.S.C. § 2680(h).  Rather, Plaintiff alleges that upon conclusion of *Lyndon*, the SEC referred its case to other law enforcement officers, specifically, the Federal Bureau of Investigation for possible criminal investigation and prosecution, but that no such activity resulted.  *See* ECF No. 1 at PageID #4.  Second, this court is unaware of any legal authority providing SEC officials power to execute searches, seize evidence or make arrests, or of any court having found SEC officials to have such powers.  *See, e.g.*, *Stanford*, 2018 WL 8963448, at *2 (determining without discussion that "SEC enforcement officials do not qualify as investigative or law enforcement officers for purposes of the FTCA"); *cf. Pellegrino v. U.S. Transp. Sec. Admin.*, 937 F.3d 164, 180 (3d Cir. 2019) (determining that transportation security officers who screen airline passengers are investigative or law enforcement officers for purposes

14

of the FTCA because they are empowered by law to execute searches, have statutory and regulatory authority to physically examine passengers and their property, and conduct searches for the purpose of finding items banned on aircraft, i.e., violations of federal law); *Kerns*, 2009 WL 226207, at *1 ("[A] plain reading of the statutory definition of 'investigative or law enforcement officer' indicates that the intelligence analyst defendants are not such officers."); *Loumiet v. United States*, 255 F. Supp. 3d 75, 98 (D.D.C. 2017) (holding that because officials of the Office of the Comptroller of the Currency could only enforce witness and document subpoenas by application to a federal court, they were not investigative or law enforcement officers within the meaning of the FTCA).

In sum, Plaintiff's intentional tort claims all fall within the FTCA's statutory exception to waiver of sovereign immunity and Plaintiff has failed to plead facts showing that Defendant SEC officials are "investigative and law enforcement officers" as defined by § 2680(h). Thus, Plaintiff's intentional tort claims are barred by sovereign immunity and are therefore DISMISSED. But because the court cannot state with certainty that Plaintiff could not plead facts establishing that Defendant SEC officials are in fact "investigative or law enforcement officers" as defined by § 2680(h), these claims are DISMISSED with leave to amend.

### 2.     *Due Process Claims Pursuant to 42 U.S.C. § 1983*

The FTCA's limited waiver of sovereign immunity does not apply to Plaintiff's claims alleging constitutional due process violations.  *See* 28 U.S.C. § 2679(b)(2)(A) (providing that relevant provisions of the FTCA do not apply to claims against a federal employee for "a violation of the Constitution of the United States"); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (stating that constitutional torts are not actionable under the FTCA); *Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir. 1994) ("[T]he United States cannot be sued on the theory that there has been a violation of [plaintiff's] constitutional rights."); *Aubart v. McCarthy*, 2020 WL 1663296, at *5 (D. Haw. Apr. 3, 2020) (finding claims alleging violation of the First Amendment to be "outside the scope of the FTCA's limited waiver of sovereign immunity").

Plaintiff attempts to bring his due process claims pursuant to 42 U.S.C. § 1983.  But § 1983 authorizes a private cause of action for "the deprivation of a right secured by the federal Constitution or statutory law" by "a person acting under color of *state* law."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (emphasis added).  That is, § 1983 applies only to violation of federal law by a *state* actor.  Section § 1983 does not waive sovereign immunity of the United States, its agencies, and federal officials in their official capacities.  *See, e.g.*, *Jachetta*, 653 F.3d at 908 ("We find no evidence in . . . [42 U.S.C. § 1983] that

16

Congress intended to subject federal agencies to § 1983 . . . liability."); *Goh v. Dep't of Veterans Affairs*, 2014 WL 5093279, at *4 (E.D. Cal. Oct. 9, 2014) ("[S]uits against the United States brought under the civil rights statutes, [including] 42 U.S.C. § . . . 1983 . . . , are barred by sovereign immunity.") (citation omitted).

Here, the SEC is a federal, not state, agency and the individual SEC employees are federal officials.  Thus, Plaintiff's due process claims against the United States, the SEC, and official-capacity Defendants are barred by sovereign immunity.  These claims are DISMISSED with prejudice.

## B.   Failure to State a Claim

### 1.   *Breach of Contract Claim*

Plaintiff attempts to allege a breach of contract claim, based on Defendants' alleged breach of the consent judgment, and seeks both an award of over $2.4 million and an injunction compelling Defendants to provide certain discovery.  ECF No. 1 at PageID #6.

First, this does not appear to be a contract claim at all.  Rather, Plaintiff seeks to enforce a provision of a court order, i.e., the consent judgment, providing that "[i]n connection with the [SEC's] motion for disgorgement and/or civil penalties, *the parties may take discovery*, including discovery from appropriate non-parties."  Civ. No. 13-486 SOM-KSC, ECF No. 22 at PageID

#114 (emphasis added).  Second, even if this could be construed as a breach of contract claim, this court lacks jurisdiction over Plaintiff's claim.  The Tucker Act waives sovereign immunity for express or implied contracts with the United States, but where, as here, the breach of contract claim is for more than $10,000, jurisdiction lies exclusively with the Court of Federal Claims.  *See* 28 U.S.C. § 1491(a)(1); *see McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008); *Advanced Refining Concepts, LLC v. United States*, 2019 WL 93499, at *5 (D. Nev. Jan 2, 2019) (dismissing breach of contract claim with prejudice because Court of Federal Claims had exclusive jurisdiction).

Thus, to the extent Plaintiff asserts a breach of contract claim, the Court of Federal Claims has exclusive jurisdiction.  This claim is therefore DISMISSED with prejudice.

### 2.    Bivens *Claim*

As set forth above, Plaintiff's due process claim against the United States, SEC, and official-capacity Defendants is barred by sovereign immunity. Liberally construed, however, Plaintiff's Complaint may also assert a claim against the individual-capacity Defendants for the deprivation of Plaintiff's business and financial property without due process.  *See* ECF No. 1 at PageID #6 ("Defendants . . . have violated Lyndon's . . . due process [rights] by *interfering* in the business activities and financing of the company . . . as well as impacting Lyndon's finances

18

resulting in his personal bankruptcy.") (emphasis added); *id.* ("Defendants[']

actions before the court, and in their investigation . . . of Plaintiff, deprived

Plaintiff of his Constitutional rights to due process under the 5th and 14th

Amendments.").

The Due Process Clause of the Fifth Amendment provides that "[n]o

person shall . . . be deprived of life, liberty, or property, without due process of

law."  U.S. Const. amend. v.  "The Fifth Amendment prohibits the federal

government from depriving persons of due process, while the Fourteenth

Amendment explicitly prohibits deprivations without due process by the several

States."  *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).  Plaintiff

does not allege that any of the individual-capacity Defendants are state actors.

Thus, the court considers his due process claim pursuant to the Fifth Amendment

only.

The Supreme Court has authorized suits for damages for

constitutional violations perpetrated by federal officials in their individual

capacities pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388 (1971).  But the Supreme Court has recognized *Bivens*

claims in only three contexts—FBI agents handcuffing a man in his home without

a warrant in violation of the Fourth Amendment's prohibition against unreasonable

searches and seizures, a Congressman's firing of his female secretary in violation

of the Fifth Amendment's Due Process Clause, and prison officials failing to treat a prisoner's asthma in violation of the Eighth Amendment's prohibition against cruel and unusual punishment—none of which applies here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55, 1860 (2017).

Expanding a *Bivens* damages remedy to new contexts is "disfavored." *Id.* at 1857; *see also Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) ("[T]he [Supreme] Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity.") (internal citation and quotation marks omitted). When asked to extend *Bivens*, courts must "first inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Second, if the claim arises in a new context, courts must ask whether an "'alternative, existing process for protecting' the plaintiff's interests" exists, *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)), or whether other "special factors" counsel against such expansion by the judiciary, *Lanuza v. Love*, 899 F.3d 1019, 1028 (9th Cir. 2018) ("Because [plaintiff's] claims arise in a new context, we must ask whether there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'") (quoting *Ziglar*, 137 S. Ct. at 1857). *See also Fazaga v. Fed. Bureau*

*of Investigation*, 916 F.3d 1202, 1242-43 (9th Cir. 2019) (citing cases); *Rodriguez v. Swartz*, 899 F.3d 719, 738 (9th Cir. 2018) (explaining that courts cannot recognize a new *Bivens* remedy if there is an "adequate alternative remedy").

  *Davis v. Passman*, 442 U.S. 228 (1979), recognized a *Bivens* remedy for gender discrimination in violation of the equal protection clause of the Fifth Amendment.  Plaintiff's claim arises under a different Fifth Amendment clause— the due process clause.  It is not clear whether Plaintiff is asserting a substantive or procedural due process claim, but either claim presents a new context for a *Bivens* remedy.

  Turning to the next question—whether there is an alternative, existing process for protecting Plaintiff's interests and/or whether there are special factors counselling hesitation in the absence of affirmative action by Congress—the court hesitates to expand *Bivens* to Plaintiff's due process claim against SEC officials in their individual capacities.  First, on multiple occasions, the Supreme Court has rejected extending *Bivens* to due process claims that differ from the sex discrimination claims in *Davis*.  *See, e.g.*, *Wilkie*, 551 U.S. at 547-48, 562 (denying due process action against Bureau of Land Management officials); *Meyer*, 510 U.S. at 473-74 (denying procedural due process claim against a federal agency for wrongful termination); *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (procedural due process suit against Social Security officials); *United States v.*

21

*Stanley*, 483 U.S. 669, 671-72, 683-84 (1987) (denying substantive due process suit against military officers).  Most recently, the Supreme Court emphasized that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."  *Hernandez*, 140 S. Ct. at 739 (declining to extend *Bivens* to Fourth and Fifth Amendment claims involving a cross-border shooting).

Second, there was arguably an "alternative remedial structure" available to protect Plaintiff's property interests.  The *Lyndon* action provided Plaintiff a meaningful opportunity to be heard in defense of the SEC's investigation and civil prosecution prior to entry of the judgments that ultimately deprived him of his business and financial property.  The fact that Plaintiff did not prevail in that action does not negate the existence of this alternative process.

Third, extending *Bivens* to Plaintiff's due process claim would likely "substantially affect government operations and unduly burden federal officials" who would have to defend such suit in their personal capacities.  *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("[P]ermitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.").  Here, requiring SEC officials to defend against claims arising from their enforcement of securities laws and regulations would necessarily unduly inhibit those officials from discharging such duties.

Thus, the court declines to extend *Bivens* in this case, given that (1) Plaintiff's claim does not fit into an existing *Bivens* cause of action, (2) the Supreme Court has repeatedly rejected extending *Bivens* to Fifth Amendment due process claims, (3) the *Lyndon* litigation provided Plaintiff an alternative remedial process, and (4) extending *Bivens* would unduly inhibit SEC enforcement operations.  Plaintiff's *Bivens* claim is DISMISSED with prejudice.[6]

## C.    Leave to Amend

Plaintiff's FTCA claims (for malicious prosecution, abuse of process, misrepresentation, tortious breach of consent judgment, fraud, defamation, and conspiracy to commit such violations) are DISMISSED with leave to amend to attempt to remedy the deficiencies set forth above.  That is, the court grants Plaintiff leave to file, by July 17, 2020, an amended complaint that alleges FTCA

---

[6] This action may also be barred by the doctrine of collateral estoppel (issue preclusion). "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012); *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011).

Issue preclusion applies if the following requirements are met: "'(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'"  *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)); *see also Skilstaf, Inc.*, 669 F.3d at 1021 (explaining that issue preclusion applies where: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.") (citation omitted).

claims only.  If he can do so, Plaintiff must allege **facts** (as opposed to conclusory allegations) showing that the SEC Defendants were "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," as required by 28 U.S.C. § 2680(h).  Plaintiff **may not** amend his breach of contract, *Bivens*, and § 1983 claims, or assert any new claims.

If Plaintiff chooses to file an amended complaint, he must (1) allege the basis of this court's jurisdiction, (2) state each claim he is making against specific Defendant(s), (3) for each claim, allege all the facts, legal theories, and exhibits supporting that claim, (4) allege what specific injury he suffered because of each Defendant's conduct, (5) state what specific relief he seeks, and (6) repeat this process for each claim.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific cause of action.  In addition, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii.

Further, the amended pleading must be captioned as the "First Amended Complaint," and it may not incorporate any part of the original Complaint by reference.  An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior

pleading.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

Failure to file an amended complaint by July 17, 2020 will result in automatic dismissal of this action.

## VI.  <u>CONCLUSION</u>

As set forth above, the court GRANTS Plaintiff's IFP Application and DISMISSES Plaintiff's Complaint, pursuant to 28 U.S.C. §1915(e)(2), for failure to state a claim.  Plaintiff's breach of contract, *Bivens*, and § 1983 claims are DISMISSED without leave to amend.  Plaintiff's FTCA claims are DISMISSED with leave to amend.

Because Plaintiff's Complaint is DISMISSED, the court elects to hold in abeyance the Motion for Immediate Relief and other pending motions.  The court will address those motions if and once Plaintiff's pleading proceeds beyond the court's initial screening.

25

Plaintiff is GRANTED leave to file a First Amended Complaint to attempt to cure the deficiencies set forth above by July 17, 2020.  Failure to file an amended complaint by July 17, 2020 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 19, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lyndon v. United States, et al.*, Civ. No. 20-00034 JMS-RT, Order (1) Granting Third Amended Application to Proceed In Forma Pauperis, (2) Dismissing Complaint With Leave To Amend In Part, And (3) Holding In Abeyance Motion For Immediate Relief And Other Pending Motions