IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TROY LYNDON,<br><br>      Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants. | CIV. NO. 20-00034 JMS-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

### I. INTRODUCTION

On September 15, 2020, pro se Plaintiff Troy Lyndon ("Plaintiff" or "Lyndon") filed a First Amended Complaint ("FAC") against Defendants United States of America; the Securities & Exchange Commission ("SEC"); SEC employees Lucee Kirka ("Kirka"), Carol Shau ("Shau"), and Karen Matteson ("Matteson") (collectively, the "SEC officials" or "SEC Defendants"); and "others not yet known or determined" (collectively, "Defendants"), asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, based on Defendants' conduct in connection with the litigation of a prior action—*SEC v. Lyndon*, Civ. No. 13-00486 SOM-KSC, 2014 WL 12614447 (D. Haw. 2014) ("*Lyndon*"). ECF No. 36. Pursuant to a prior order granting leave, Plaintiff is

proceeding in forma pauperis.  *See* ECF No. 27 at PageID #109, *Lyndon v. United States*, 2020 WL 3405530, at *2 (D. Haw. 2020).

For the reasons set forth below, the FAC is DISMISSED without leave to amend.

## II.  STANDARDS OF REVIEW

The court must screen the pleading for each civil action commenced in forma pauperis under 28 U.S.C. § 1915(a).  District courts are required to sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Plaintiff is appearing pro se; consequently, the court liberally construes the FAC.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*,

66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### III.  BACKGROUND

The relevant factual and procedural background of this case is set forth in two prior orders: (1) a June 19, 2020 order dismissing Plaintiff's Complaint and granting leave to amend the FTCA claims, ECF No. 27 at PageID #111-14, 2020 WL 3405530 at *2-3 (D. Haw. June 19, 2020) ("June 19 Order"); and (2) a September 1, 2020 order denying a stay of this action pending resolution of outstanding Freedom of Information Act ("FOIA") requests, ECF No. 35 at PageID #195-98.  The court only recites the facts necessary to provide context to the present Order.

The June 19 Order explained that Plaintiff's tort claims "all fall within the FTCA's statutory exception to waiver of sovereign immunity," but that this exception could be set aside if Plaintiff amends his claims to allege facts showing that "Defendant SEC officials are . . . 'investigative or law enforcement officers' as defined by 28 U.S.C. § 2680(h)."  ECF No. 27 at PageID #120.  The June 19 Order further explained that § 2680(h) defines investigative or law enforcement officers as those who are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  *Id.* at PageID #129.

To this end, the FAC alleges[1] that around March 2011, "the SEC opened an 'order of investigation' to search for wrongdoing [by Plaintiff's company], including criminal fraud." FAC ¶ 22, ECF No. 36 at PageID #205; *see* Ex. A, ECF No. 36-1. The FAC identifies Shau as "a[n] [SEC] staff accountant," Kirka as "an [SEC] investigator and attorney," and Matteson as "a litigating attorney for [the] SEC" in *Lyndon*. FAC ¶¶ 24, 44, ECF No. 36 at PageID #206, 209. In 2012, "Shau, Kirka and others were present to receive documented testimony from [Plaintiff's] company's auditors." *Id.* ¶ 38, ECF No. 36 at PageID #208. In September 2013, the SEC filed a civil complaint "alleging fraud" against Plaintiff, "threaten[ing] [Plaintiff] with criminal prosecution, [and] informing him that he was under criminal investigation." *Id.* ¶ 44, 46, ECF No. 36 at PageID #209-10. "[I]n late 2014, the FBI served Lyndon with a subpoena to appear before a grand jury," but after receiving a letter from Plaintiff, "the US Attorney cancelled

---

[1] Parts of the FAC read more like a Rule 60(b) motion than a complaint. In fact, the court previously liberally construed Plaintiff's initial Complaint as possibly including a Rule 60 claim for relief, and thus reassigned the case to the judge previously assigned to the *Lyndon* action. *See* ECF No. 15. Plaintiff then filed a Motion for Reconsideration, referring to this action as a "new case" and the *Lyndon* action as his "previous case." ECF No. 18 at PageID #80. The court then directed Plaintiff to clarify whether he "intends the instant action to be a Rule 60(b) proceeding for relief from the *Lyndon* judgment, a separate action seeking damages, or both." ECF No. 19. Plaintiff filed his Response clarifying that "it is inappropriate to construe this entire suit as a Rule 60(b) motion" and that he "do[es] not wish to 'reopen' the [*Lyndon*] case." ECF No. 20 at PageID #95-96. Based on this representation, the court determined that Plaintiff was not seeking relief under Rule 60(b), granted the Motion for Reconsideration, and reassigned the case to the undersigned. ECF No. 21. Given this history, the court does not construe the FAC as seeking relief under Rule 60(b).

[that] appearance" and "no charges were filed." *Id.* ¶ 89, ECF No. 36 at PageID #218.

Sometime after the *Lyndon* judgment was entered, Plaintiff submitted several FOIA requests to the SEC for the "full record of the auditors' testimony, the audit work and the relevant financial information." *Id.* ¶ 92, ECF No. 36 at PageID #219. Excerpts of the auditors' testimony show that "the SEC had received 'work papers', including financial records and documents, . . . on July 6, 2012." *Id.* ¶ 94, ECF No. 36 at PageID #219.

## IV. **DISCUSSION**

For the reasons discussed below, the court finds that the FAC fails to allege sufficient facts showing that the SEC Defendants are investigative or law enforcement officers as defined by § 2680(h), and thus, Plaintiff's FTCA claims are barred by sovereign immunity.

### A.     Legal Standard

Unless waived, claims against the United States, federal agencies, and federal officials in their official capacities are barred by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official

5

capacities."). A waiver of sovereign immunity must be "unequivocally expressed"; and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (citations omitted). And Plaintiff, being "[t]he party who sues the United States[,] bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Congress has waived the United States' sovereign immunity under the FTCA for "injury arising out of the negligent or wrongful conduct of any federal employee acting within the scope of the employee's employment." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 1121 (9th Cir. 2019) (citing 28 U.S.C. §§ 1346(b)(1), 2674, 2679(b)(1)).[2] The FTCA does not "authorize suits against [a] federal agency." 28 U.S.C. § 2679(a). *See also FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies . . . , an agency itself cannot be sued under the FTCA."); *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 761 (9th Cir. 2013) (quoting

---

[2] The FTCA also requires an exhaustion of administrative remedies, 28 U.S.C. § 2675, which Plaintiff appears to have done. The FAC alleges that Plaintiff "pursued these claims with the SEC . . . and the claims were denied by that agency." FAC ¶ 2, ECF No. 36 at PageID #202; *see also* ECF No. 1-1 at PageID #8 (SEC "final decision" dated August 14, 2019).

*Craft*). Thus, where a federal official was acting within the scope of his office or employment, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679. Moreover, the FTCA waives sovereign immunity only for damages claims against the United States; the statute does not subject the United States to claims for injunctive relief. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992).

But Congress also carved out exceptions to waiver under the FTCA for certain torts. Among other things, the FTCA expressly retains the United States' sovereign immunity for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The phrase "arising out of" is interpreted broadly to include all injuries that are dependent upon one of the enumerated torts having been committed. *United States v. Shearer*, 473 U.S. 52, 55 (1985) ("Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim arising out of assault or battery."); *see DaVinci Aircraft, Inc.,* 926 F.3d at 1123 ("[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized."); *Pauly v. USDA*, 348 F.3d 1143, 1151-52 (9th Cir. 2003) (noting that the FTCA did not waive sovereign immunity for misrepresentation and fraud

7

claims); *Kim v. United States*, 940 F.3d 484, 492 (9th Cir. 2019) (finding fraudulent concealment claim barred under the FTCA as "arising out of . . . misrepresentation or deceit") (quoting 28 U.S.C. § 2680(h)); *Stanford v. Clayton*, 2018 WL 8963448, at *2 (D.D.C. July 5, 2018) ("[C]laims for malicious prosecution and abuse of process arising from the acts of SEC officials []are barred under the FTCA."); *Daisley v. Riggs Bank, NA*, 372 F. Supp. 2d 61, 77-78 (D.D.C. 2005) (dismissing civil conspiracy claim based on tortious interference with contract rights as barred by the FTCA's intentional-tort exception to waiver of sovereign immunity).

Congress limited applicability of this carve-out by providing that the intentional-tort exception does not apply (i.e., the United States' sovereign immunity is waived) to claims arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" committed by "investigative or law enforcement officers." 28 U.S.C. § 2680(h). "For the purpose of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

///

///

///

## B.     Application of Legal Standard

The FAC alleges claims for malicious prosecution, abuse of process, negligent/reckless misrepresentation,[3] fraud, defamation, and conspiracy to commit such violations. *See* FAC, ECF No. 36 at PageID #21. These claims are either expressly barred by the FTCA or "arise out of" SEC officials' alleged fraud, misrepresentation, and/or deceit in connection with SEC's investigation and prosecution of Plaintiff. *See, e.g., id.* ¶¶ 31-32, ECF No. 36 at PageID #207 ("Kirka . . . wrongfully disclos[ed] the government's private investigation . . . [and]

---

[3] The FAC alleges that some Defendants acted with negligence, and purports to include a negligence cause of action. FAC, ECF No. 36 at PageID #221. Specifically, Plaintiff alleges that certain Defendants made "negligent or mistaken representations." FAC ¶ 70, ECF No. 36 at PageID #213. But § 2680(h)'s exception to waiver of sovereign immunity "comprehends claims arising out of negligent, as well as willful, misrepresentation." *United States v. Neustadt*, 366 U.S. 696, 702 (1961); *see also Synder & Associates Acquisitions LLC v. United States*, 859 F.3d 1152, 1160 (9th Cir. 2017) ("Section 2680(h) establishes an exception to the waiver of sovereign immunity for claims that arise out of misrepresentation. This exception includes misrepresentations made willfully and misrepresentations made negligently.") (internal brackets and quotations omitted). Thus, Plaintiff's negligent misrepresentation allegations are barred by sovereign immunity the same as any other tort enumerated in § 2680(h).
   Moreover, even if Plaintiff is alleging simple negligence, his claims would still fail. The conduct set forth in the FAC centers on malicious prosecution, abuse of process, misrepresentation, fraud, defamation, and conspiracy to commit these violations. These allegations all fall in the core of § 2680(h)'s exceptions and relabeling them under the rubric of negligence does not alter the essence of the claims. *See DaVinci*, 926 F.3d at 1123 ("To determine whether section 2680(h) bars a proposed claim, we look beyond the labels and evaluate the alleged conduct on which the claim is based."); *see also Thomas Lazear v. Federal Bureau of Investigation*, 851 F.3d 1202, 1206-07 (9th Cir. 1988) (looking at the "essence of the claim" to determine if a proposed negligence claim is barred by § 2680(h)).
    Finally, even if Plaintiff's negligence claims did fall outside of § 2680(h), they would likely be barred by § 2680(a)'s discretionary function exception to the FTCA. *See Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 750-51 (9th Cir. 2013) (finding that an SEC investigation falls under the discretionary function exception); *Zelaya v. United States*, 781 F.3d 1315, 1129-1132 (11th Cir. 2015) (same); *Feathers v. United States*, 2015 WL 5263056 (N.D. Ca. Sep. 9, 2015) (same).

directly interfered in a $10,000,000 bank wire-transfer); *id.* ¶ 45, ECF No. 36 at PageID #209 ("The SEC [filed *Lyndon*] with the full knowledge that the testimony given by company auditors . . . did not support their claim of fraud."); *id.* ¶ 46 ("The SEC's complaint became a public document wherein the government accused Lyndon of committing fraud."); *id.* ¶ 54, ECF No. 36 at PageID #211 (alleging that "Matteson omitted vital information . . . regarding the company's audited financials" from court filings); *id.* ¶ 55 ("Despite SEC's knowledge [that Lyndon and his company were bankrupt and did no wrong], the SEC filed a motion . . . to obtain millions from Lyndon."); *id.* ¶ 63, ECF No. 36 at PageID #212 ("Matteson intentionally misled" the *Lyndon* court and/or "was negligent in her representations" to the court); *id.* ¶ 66, ECF No. 36 at PageID #213 ("All auditor testimony and audited financial records indicate that Lyndon never received ill-gotten gains, contrary to SEC's public statements that he committed fraud."); *id.* ¶ 67 ("Matteson, Shau and Kirka" offered "negligent and mistaken representations" of evidence to the court); *id.* ¶ 70 ("[The] SEC . . . fabricate[d] . . . its own, new money-trail of financial documents."); *id.* ¶ 73, ECF No. 36 at PageID #214 ("Shau, Kirka and Matteson . . . knew, or should have known, that the fabricated evidence was illegitimate."); *id.* ¶ 87, ECF No. 36 at PageID #217 ("The SEC ignored . . . evidence for the purpose of obtaining a financial judgment against Lyndon.")

As alleged, Plaintiff's claims are based on the conduct of SEC officials acting in the course of their SEC employment. Thus, the United States is the sole proper Defendant for Plaintiff's FTCA claims. But all of Plaintiff's claims fall squarely within the statutory intentional-tort exception to the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. §§ 2679, 2680(h); *DaVinci Aircraft, Inc.*, 926 F.3d at 1123; *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).").

Further, the FAC alleges no facts showing that the investigative or law enforcement officer exception applies, thereby waiving sovereign immunity. At most, the FAC alleges that SEC subpoenaed and/or obtained evidence in its civil investigation of Plaintiff and his company. *See* FAC ¶ 22, ECF No. 36 at PageID #205 (alleging that "the SEC opened an 'order of investigation' to search for wrongdoing"); *Id.* ¶ 38, ECF No. 36 at PageID #208. ("Shau, Kirka and others were present to receive documented testimony from [Plaintiff's] company's auditors.").

Such claims fall far short of alleging that the SEC Defendants were investigative or law enforcement officers "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *See Kerns v. United States*, 2009 WL 226207, at *1 (9th Cir. Jan. 28, 2009) (Mem.)

11

(determining district court lacked subject-matter jurisdiction over claims for false arrest and false imprisonment where the record lacked evidence establishing that defendant intelligence analysts were investigative or law enforcement officers, as defined by § 2680(h)).  Nor is this court aware of any legal authority providing SEC officials power to execute searches, seize evidence, or make arrests, or of any court having found SEC officials to have such powers.  *See, e.g.*, *Stanford*, 2018 WL 8963448, at *2 (determining without discussion that "SEC enforcement officials do not qualify as investigative or law enforcement officers for purposes of the FTCA"); *cf. Pellegrino v. U.S. Transp. Sec. Admin.*, 937 F.3d 164, 180 (3d Cir. 2019) (determining that transportation security officers who screen airline passengers are investigative or law enforcement officers for purposes of the FTCA because they are empowered by law to execute searches, have statutory and regulatory authority to physically examine passengers and their property, and conduct searches for the purpose of finding items banned on aircraft, i.e., violations of federal law); *Kerns*, 2009 WL 226207, at *1 ("[A] plain reading of the statutory definition of 'investigative or law enforcement officer' indicates that the intelligence analyst defendants are not such officers."); *Loumiet v. United States*, 255 F. Supp. 3d 75, 98 (D.D.C. 2017) (holding that because officials of the Office of the Comptroller of the Currency could only enforce witness and

document subpoenas by application to a federal court, they were not investigative or law enforcement officers within the meaning of the FTCA).

In sum, Plaintiff has failed to plead facts showing that § 2680(h)'s "investigative and law enforcement officer" exception applies. Plaintiff's claims are barred by sovereign immunity and are accordingly DISMISSED.

## V. CONCLUSION

Based on the foregoing, Plaintiff's FTCA claims are barred by sovereign immunity and, thus, the FAC is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

The court provided Plaintiff the opportunity to allege, if possible, facts showing that § 2680(h)'s "investigative and law enforcement officer" exception applies to waive sovereign immunity for Plaintiff's intentional tort claims. That is, the court provided Plaintiff the opportunity to show that his claims are not barred by sovereign immunity. Plaintiff has failed to do so, and based on the record, it does not appear that Plaintiff could allege such facts. Thus, granting further leave

///

///

///

///

///

to amend would be futile.  The FAC is DISMISSED without leave to amend.  All pending motions are DENIED as moot.

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 25, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lyndon v. United States, et al.*, Civ. No. 20-00034 JMS-RT, Order Dismissing First Amended Complaint Without Leave to Amend

14